UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHELLE GUNTER individually and on
behalf of others similarly situated,

               Plaintiff,

      -against-

SILVER'S CRUST WEST INDIAN
RESTURANT & GRILL INC d/b/a SILVER
KRUST WEST INDIAN RESTAURANT &
GRILL INC and CONRAD MCGREGOR,

               Defendants.

Case No.:

**COMPLAINT**

**Collective Action and Class Action Complaint**

     Plaintiff MICHELLE GUNTER individually and on behalf of other similarly situated employees by and through her attorneys, FISHER TAUBENFELD LLP, allege against Defendants SILVER'S CRUST WEST INDIAN RESTURANT & GRILL INC d/b/a SILVER KRUST WEST INDIAN RESTAURANT & GRILL INC ("Silver Crust" or the "Corporate Defendant"), and CONRAD MCGREGOR ("McGregor") (the Corporate Defendant and McGregor are collectively "Defendants") as follows:

**INTRODUCTION**

     1.    Plaintiff was formerly employed by the Corporate Defendant, a West Indian restaurant with eight locations in New York City, and its owner. During Plaintiff's employment, Defendants did not pay her properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York State Labor Law ("NYLL"). Defendants also discriminated against her in violation of the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("City Law") and interfered with her medical leave under the Family and Medical

Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") and retaliated against her because she took such leave.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq*. (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

4.     Upon information and belief, Defendant Silver Crust is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 1606 East 55th Street, Brooklyn, NY 11234.

5.     Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6.     Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

7.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.     Upon information and belief, Defendant McGregor resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

9.     Upon information and belief, the Corporate Defendant is the owner of Silver Crust West Indian Restaurant ("Silver Crust Restaurant"), which is a restaurant engaged in the business of serving food and drink to customers.

10.    Silver Crust Restaurant has eight locations spread across Brooklyn and Queens in New York City.  These branches are located at:

> A.  1695 President Street, Brooklyn, NY 11213;
> B.  747 Nostrand Avenue, Brooklyn, NY 11216;
> C.  9001 Avenue A, Brooklyn, NY 11236;
> D.  5223 Avenue D, Brooklyn, NY 11203;
> E.  4809 Church Avenue, Brooklyn, NY 11203;
> F.  660 Utica Avenue, Brooklyn, NY 11203;
> G.  227-05 Merrick Boulevard, Springfield Gardens, NY 11413; and
> H.  114-20 Sutphin Boulevard, Jamaica, NY 11434.

11.    Silver Crust Restaurant is a West Indian restaurant.  Defendants employ chefs, assistant chefs, servers, and cashiers in both the front and back of the house all of whom, upon information and belief, are paid less than required under federal and New York State law for their work each hour and week.

12.    Plaintiff has been employed by Defendants to work as a cashier and server within the last six (6) years at the Silver Crust branch located at 227-05 Merrick Blvd, Springfield Gardens, New York 11413 ("Springfield Gardens Location") and the 114-20 Sutphin Boulevard, Jamaica, NY 11434 location.

3

13.     Plaintiff was at all times material hereto an "eligible employee" within the meaning of the FMLA in that she had been continuously employed by Defendants and had worked more than 1,250 hours during the twelve months preceding her request for leave.

14.     Plaintiff was at all times material hereto a "person" within the meaning of the City Law, protected from discrimination on the basis of disability.

15.     Defendant McGregor is, upon information and belief, the principal and an officer of Silver Crust.

16.     Defendant McGregor possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

17.     In particular, Defendant McGregor hired Plaintiff, sent her to work at the Springfield Gardens Location, and also asked her to work specific shifts on Sunday.

18.     Defendant McGregor approves the payroll practices for Silver Crust Restaurant's employees, including Plaintiff.

19.     Defendant McGregor possesses operational control over Silver Crust Restaurant and its employees through his financial control over Silver Crust Restaurant.

20.     Defendant McGregor is engaged in business in the City of New York, County of New York who is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

21.     Defendant McGregor exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and NYLL.

22.     At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

4

## NATURE OF THE ACTION

23.    Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

     i.  Defendants' failure to pay proper minimum wage compensation to Plaintiff as required by federal and state law and regulations;

     ii.  Defendants' failure to pay proper overtime compensation to Plaintiff as required by federal and state law and regulations when she worked in excess of forty (40) hours per week; and

     iii.  Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

24. Additionally, Plaintiff brings this action to challenge Defendants' (1) interference and retaliation arising out of Plaintiff's taking medical leave protected under the FMLA, and (2) practice of disability discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of the City Law.

25. At all relevant times hereto, Defendants engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year, and accordingly is an "employer" within the definition of the FMLA.

26.     During all relevant times, Defendants employed at least four (4) people and constituted an employer within the definition of the City Law.

27.     Pursuant to § 8-502(c) of the City Law, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

28.     Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I.     Defendants' Wage and Hour Violations.

29.     At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continue to be economically injured.

30.     Defendants have maintained a policy and practice not to pay Plaintiff and other similarly situated employees in accordance with federal and New York State law. Defendants maintain a workforce of chefs, assistant chefs, servers, and cashiers, and other positions, all of whom are paid in violation of federal and New York State laws.

31.     Defendants have maintained a policy and practice of failing to compensate Plaintiff and other similarly situated employees for every hour they have worked at the statutory minimum wage.

32.     Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff and other similarly situated employees who worked in excess of forty (40) hours per week.

33.     Defendants have maintained a policy and practice of failing to provide Plaintiff and other similarly situated employees with proper wage notices and paystubs.

### A. Plaintiff's Schedule and Pay.

34.     Plaintiff worked for Defendants as a cashier and server from approximately November 2016 through January 27, 2018 with a medical leave in January 2017.

35.     Plaintiff worked 6 days a week and had Wednesdays off.

36.     Plaintiff generally worked from 3:00 p.m. until 11:30 p.m. on Monday, Tuesday, Thursday, Friday and Saturday.

37.     On Sunday, Plaintiff generally worked from 2:00 p.m. until 9:00 p.m., although for approximately three months, Plaintiff worked on Sunday from 10:00 a.m. to 6:30 p.m. or often as late as 8:00 p.m.

38.     Although Defendants officially permitted Plaintiff to take a one-hour lunch break, she was so busy that she was generally unable to take a one-hour break or any break at all.

39.     For this work Defendants paid Plaintiff $420 weekly until January or February 2017 when they began paying her $480 weekly.

### B. Violations Affecting Plaintiff.

#### 1.  Minimum Wage Violations

40.     As demonstrated above, Plaintiff regularly worked more than 40 hours per week but was never paid the minimum wage per hour.

#### 2.  Overtime Violations

41.     Although Plaintiff regularly worked more than 40 hours each work, Defendants never paid her for her overtime work, either at their regular rate or at an overtime premium of 150% of their regular rate

7

### 3. Notice and Recordkeeping Violations

42.     Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

43.     Defendants did not provide Plaintiff with a notice specifying her rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

44.     Defendants also did not provide Plaintiff with a paystub specifying the pay period, her hourly rate of pay, the regular and overtime hours she worked, or any other information required under NYLL § 195.

45.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

## II.     **Defendants' FMLA Violations and Disability Discrimination.**

46.     Plaintiff suffers from diabetes and also in January 2017 underwent brain surgery to remove a tumor.

47.     Plaintiff made Defendants aware of both medical conditions.

48.     Plaintiff also advised Defendants that, due to her medical conditions, her doctor did not permit her to clean the steam table in the kitchen, which kept food warm, due to the hazardous chemicals used to clean it.

49.     Defendants permitted her to pack food containers instead of cleaning the steam table.

50.     In later September and early October 2017, Plaintiff took a few days off as a result of personal issues she had with her landlord.

8

51.     Subsequently, on December 8, 2017, Plaintiff was hospitalized as a result of high blood pressure.

52.     Plaintiff was discharged on December 10, 2017 and missed three days of work.

53.     Plaintiff provided to Defendants a doctor's note advising them that she had been hospitalized.

54.     Plaintiff was hospitalized again on January 18, 2018 because of the H1N1 Swine Flu and was discharged the same day.

55.     Plaintiff's doctor advised her that her flu was extremely contagious and directed her not to report for work for three days.

56.     Upon her discharge, Plaintiff provided Defendants with a note from her doctor advising them of her medical condition and her doctor's direction that she not work.

57.     In violation of New York City's Earned Sick Time Act, N.Y.C. Administrative Code § 20-914, Defendants did not pay Plaintiff for any of the time off she took as a result of her illness.

58.     A few days later, in late January, Defendants terminated Plaintiff's employment on the grounds that, *inter alia*, she had been absent too many days and because she had been unable to clean the steam table during most of her employment.

## II.     Collective Action Allegations.

59.     Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

60. Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

61. Plaintiff's Consent to Sue form is attached as **Exhibit 1**.

62. Upon information and belief, there are at least 60 current and former chefs, assistant chefs, servers, and cashiers and other employees performing similar duties who have been denied minimum wage and overtime compensation while working for Defendants.

63. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's stated herein are similar to those of other employees.

64. In bringing this action, Plaintiff is representative of and is acting on behalf of the interests of other current and former employees who have worked for Defendants within the last three (3) years.

65. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## III.   Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

66. Plaintiff brings this action on behalf of herself and all other current and former chefs, assistant chefs, servers, and cashiers and other persons who were or are employed

10

by Defendants but who did not receive compensation required by the NYLL in respect to their work for Defendants.

67.    Upon information and belief, this class of persons consists of not less than 60 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

68.    There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

69.    The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

70.    Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of other members of the class.

71.    A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

72.    Plaintiff brings the third, fourth, and fifth claim for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations Brought by Plaintiff Individually and Collectively)

73.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74.     Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

75.     Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

76.     Plaintiff and others similarly situated seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations Brought by Plaintiff Individually and Collectively)

77.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78.     Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated regularly worked in excess of forty (40) hours per workweek.

79.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

80.     Plaintiff and others similarly situated seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(NYLL Minimum Wage Violations Brought by Plaintiff Individually and Collectively)**

81.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants knowingly and willfully paid the Plaintiff and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

83.     Defendants' failure to pay the Plaintiff and others similarly situated minimum wage has been willful within the meaning of the NYLL § 663.

84.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
**(NYLL Overtime Wage Violations Brought by Plaintiff Individually and Collectively)**

85.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

86.     New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

87.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others

similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

88.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
**(NYLL Failure to Notify Brought by Plaintiff Individually and Collectively)**

89.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

91.     Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

92.     Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

93.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as

provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (FMLA Retaliation Brought by Plaintiff Individually)

94.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

95.    By the acts and practices described above, Defendants retaliated against Plaintiff for exercising her right to take leave pursuant to the FMLA.

96.    Defendants knew that their actions were unlawful or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

97.    Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a proximate result of Defendants' unlawful acts of retaliation, unless and until this Court grants the relief sought herein.

## SEVENTH CLAIM FOR RELIEF
### (FMLA Interference Brought by Plaintiff Individually)

98.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

99.    By the acts and practices described above, Defendants interfered with and/or restrained or denied Plaintiff's rights pursuant to the FMLA.

100.    Defendants knew that their actions were unlawful or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

101.    Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a proximate result of Defendants' unlawful acts of retaliation, unless and until this Court grants the relief sought herein

15

### EIGHTH CLAIM FOR RELIEF
(City Law Impairment Termination
On the Basis of Disability
Brought by Plaintiff Individually)

102.    Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

103.    By the acts and practices described above, Defendants discriminated against Plaintiff by terminating her employment on the basis of her impairment, in violation of City Law.

104.    Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

105.    Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### NINTH CLAIM FOR RELIEF
(City Law Retaliatory Termination
On the Basis of Disability Brought by Plaintiff Individually)

106.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

107.    By the acts and practices described above, Defendants retaliated against Plaintiff by terminating her employment because she requested and availed himself of a reasonable accommodation, in violation of City Law.

108.    Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

109.    Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate

result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## TENTH CLAIM FOR RELIEF
### (City Law Failure to Provide a
### Reasonable Accommodation Brought by Plaintiff Individually)

110.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

111.    By the acts and practices described above, Defendants unlawfully failed to provide Plaintiff with a reasonable accommodation in violation of the City Law.

112.    Defendants knew that their actions constituted unlawful discrimination and acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

113.    Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Back Pay;

C. Front Pay;

D. Emotional Distress Damages;

E. Prejudgment Interest;

F. Liquidated Damages pursuant to the FMLA;

G. Liquidated Damages pursuant to the FLSA and NYLL;

H. Plaintiff's costs and reasonable attorneys' fees; and

I. Any relief the Court deems just and proper.

Dated: March 23, 2018
New York, New York

Respectfully submitted,

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

EXHIBIT 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by Silver Crust Restaurant and/or related entities. I consent
to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the
Professional Services Agreement signed by me in this case.


Michelle Gunter
NAME

SIGNATURE

2/22/2018
DATE