# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 18-CV-1804 (WFK) (RER)

———————————

## MICHELLE GUNTER AND MARK MCDONALD,

Plaintiffs,

VERSUS

## SILVER'S CRUST WEST INDIAN RESTAURANT & GRILL, INC. D/B/A SILVER KRUST WEST INDIAN RESTAURANT & GRILL INC. AND CONRAD MCGREGOR,

Defendants.

———————————

**REPORT & RECOMMENDATION**

———————————

**February 25, 2021**

**To the Honorable William F. Kuntz**
**United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

Your Honor has referred to me for a report and recommendation Michelle Gunter's ("Gunter") and Mark McDonald's ("McDonald") (collectively, "Plaintiffs") motion to correct the February 26, 2020 Judgment ("Judgment") pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, and for $11,280 in attorney's fees and $1,407.18 in costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and New York Labor Law ("NYLL"), N.Y. LAB. LAW § 215(2)(a). (Order dated 8/7/2020; Dkt. No. 40 ("Pls.' Mot.")). For the reasons set forth herein, I respectfully

recommend that Plaintiffs' motion be GRANTED in part.

## BACKGROUND

For the sake of brevity, and given Your Honor's familiarity with this case, I will dispense with a protracted discussion of the facts. I provide the following procedural background for ease of reference.

Gunter filed this wage and hour, discrimination and termination action on March 23, 2018. (Dkt. No. 1 ("Compl.")). Defendant Conrad McGregor ("McGregor")

1

was personally served with the Summons and Complaint on April 11, 2018. (Dkt. No. 5). The corporate defendant ("Silver Krust") (collectively with McGregor, "Defendants") was served through the New York State Secretary of State on April 12, 2018. (Dkt. No. 6).

After Your Honor granted her leave, (Order dated 11/5/2018), on November 6, 2018 Gunter filed an Amended Complaint adding McDonald as a plaintiff, (Dkt. No. 18). Plaintiffs served the Summons and Amended Complaint on Silver Krust on December 13, 2018, and on Conrad on May 14, 2019. (Dkt. Nos. 20–21). Neither Conrad nor Silver Krust filed an answer or otherwise responded to the Amended Complaint, and following Plaintiffs' request the Clerk of the Court entered Defendants' default on July 9, 2019. (Dkt. Nos. 22–23).

On November 14, 2019, Plaintiffs filed a Motion for Default Judgment ("Default Motion") and served it on Defendants. (Dkt. Nos. 27–32). In their Default Motion, Plaintiffs sought a total of $156,958.79 in damages on their wage and hour claims, including $49,237.20 and $19,242.20 in liquidated damages for McDonald and Gunter, respectively. (Dkt. No. 31 ("Default Mem.") at 14–15). Gunter separately sought a total of $201,480 on her discrimination and termination claims. (*Id.* at 20–21).

On December 4, 2019, Your Honor held a hearing on Plaintiffs' Default Motion and granted it. (Dkt. Entry dated 12/4/19; *see* Dkt. No. 35). Your Honor also ordered Plaintiffs to file a "Proposed Default Judgment Order."

(Dkt. No. 33). On February 21, 2020, Plaintiffs submitted that proposed order, noting expressly that "[t]he damages are taken from Plaintiffs' memorandum of law in support of their motion for default judgment." (Dkt. No. 34 at 1). On February 26, 2020, Your Honor entered the judgment that Plaintiffs had submitted. (Dkt. No. 35).

After receiving several extensions to file a motion for attorney's fees and costs, Plaintiffs filed the instant motion on July 29, 2020. (Pls.' Mot.). In addition to seeking $11,280 in attorney's fees and $1,407.18 in costs, Plaintiffs also seek to amend the Judgment to include $49,237.20 in liquidated damages for McDonald and $19,242.20 in liquidated damages for Gunter. (*Id.*). Although Plaintiffs had sought such liquidated damages in their Default Motion,[1] and Your Honor granted them on December 4, 2019 along with the other damages Plaintiffs sought, Plaintiffs mistakenly omitted the liquidated damages from the proposed judgment they submitted for Your Honor' approval. (Dkt. No. 42 ("Pls.' Mem.") at 2; *see* Dkt. No. 34 at 3–4).

## DISCUSSION

### I.   The Judgment Should Be Amended as Requested

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). Rule 60(a)'s

---

[1] "The NYLL requires courts to award liquidated damages equal to one hundred percent of the amount due under the NYLL. Although the FLSA similarly allows liquidated damages, Plaintiffs cannot collect under both statutes and therefore may collect under the NYLL. Plaintiff McDonald therefore may recover $49,237.20 in liquidated damages, and Plaintiff Gunter may recover $$19,242.20 [sic]." (Default Mem. at 15 (citations omitted)).

purpose is to permit modification of judgments to ensure they reflect the actual intentions of the court and the parties. *E.g., Avis Budget Car Rental, LLC v. JD2 Envtl., Inc.*, No. 12-CV-5010 (PKC), 2016 WL 3248328, at *3 (E.D.N.Y. June 13, 2016) (citing *Emps. Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995)). "The mistake correctable under the rule need not be committed by the clerk or the court; the rule may be utilized to correct mistakes by the parties as well." 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2854 (3d ed. 2012). Rule 60(a) is not meant, however, to provide a way for parties to relitigate matters already decided, to charge errors in what a court has deliberately done, or to attempt to establish a right to relief which the court has not previously recognized. *See, e.g.*, *In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986); *Klingman v. Levinson*, 877 F.2d 1357, 1360–61 (7th Cir. 1989). "In short, 'a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.'" *Emps. Mut. Cas. Co.*, 886 F. Supp. at 363 (quoting 11 WRIGHT & MILLER § 2854).

Here, the Court granted Plaintiffs' Default Motion, (Dkt. No. 35 at 1), which requested among other things $49,237.20 and $19,242.20 in NYLL liquidated damages for McDonald and Gunter, respectively, (Default Mem. at 14–15). Unfortunately, the proposed judgment Plaintiffs submitted at the Court's direction following the hearing inadvertently omitted those liquidated damages amounts. (Pls.' Mem. at 2; *see* Dkt. No. 34 at 3–4). Nevertheless, it appears to be the actual intentions of the Court and Plaintiffs to include the liquidated damages amount in the final judgment, because Plaintiffs requested as such and the Court granted their Default Motion.

Of this there should be no question as awarding liquidated damages in wage and hour cases, especially upon default, is the norm, and not the exception. Under both the FLSA and NYLL, unless the employers establish good faith as a defense, plaintiffs who successfully bring claims to recoup payments owed for unpaid overtime wages are eligible to recover liquidated damages equal to the total amount of their compensatory damages. 29 U.S.C. §§ 216(b), 260; N.Y. LAB. LAW § 663(1); *see also Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60 (2d Cir. 2016) (summary order); *Zokirzoda v. ACRI Café Inc.*, No. 18 Civ. 11630 (JPO), 2020 WL 359908 at *6 (S.D.N.Y. Jan. 22, 2020). "The employer's burden is 'a difficult one,' and 'double damages are the norm and single damages the exception.'" *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 316 (S.D.N.Y. 2011) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008)). It is well settled that employers in default cannot demonstrate good faith. *E.g., Zokirzoda*, 2020 WL 359908 at *6.

Accordingly, because Plaintiffs do not seek relief beyond that contemplated by the Court when entering the original Judgment, I respectfully recommend that the Motion be granted and the Judgment be amended to reflect $49,237.20 and $19,242.20 in NYLL liquidated damages for McDonald and Gunter, respectively.

## II. Attorney's Fees and Cost

### A. Fees

In addition to unpaid wages and additional damages, the FLSA and NYLL allow prevailing employees to collect "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b); *see also* N.Y. LAB. LAW § 198. Here, Plaintiffs seek $11,280 in

attorney's fees for 28.2 hours billed by their attorney, Michael Taubenfeld ("Mr. Taubenfeld"). (Pls.' Mem. at 4).

In the Second Circuit, the prevailing party can recover a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 190 (2d Cir. 2008). This fee is calculated by multiplying the hours counsel reasonably spent on the litigation by a "reasonable hourly rate," which is based on the "prevailing [hourly rate] in the community . . . where the district court sits." *Id.* at 190 (alteration in original); *see also E. Sav. Bank FSB v. Strez*, No. 11-CV-1543 (ENV) (LB), 2013 U.S. Dist. LEXIS 180189, at *8–9 (E.D.N.Y. Nov. 12, 2013), *R & R adopted by* 2013 U.S. Dist. LEXIS 179254 (Dec. 20, 2013). Plaintiffs bear the burden of proving the reasonableness and the necessity of the hours spent and the rates charged. *E.g.*, *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015).

As for reasonable hourly rates in comparable cases, "[c]ourts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, [and] $100 to $200 for junior associates." *Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020) (citations omitted), *R & R adopted by* 2020 WL 5259056 (Sept. 3, 2020). Mr. Taubenfeld billed Plaintiffs at the rate of $400 per hour, although his regular rate is $495 per hour. (Dkt. No. 41 ("Taubenfeld Decl.") ¶¶ 7, 9; *see also* Dkt. No. 41-1 ("Ex. 1")). Mr. Taubenfeld, a partner at Fisher Taubenfeld LLP, has approximately 13 years of experience in "labor and employment law, with a strong focus on wage-and-hour" litigation. (Taubenfeld Decl. ¶ 7).

Rates of $400 per hour or higher in FLSA cases have generally been reserved for

attorneys with more experience than Mr. Taubenfeld. *See, e.g.*, *Martinez*, 2020 WL 5260579, at *8 (recommending $400 hourly rate for attorney with approximately twenty-three years' experience); *Rodriguez v. Yayo Rest. Corp.*, No. 18-CV-4310 (FB) (PK), 2019 WL 4482032, at *9 (E.D.N.Y. Aug. 23, 2019) (recommending hourly rate of $450 for attorney with 36 years of experience), *R&R adopted by* 2019 WL 4468054 (Sept. 18, 2019); *cf. Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420 (KAM) (SMG), 2018 WL 565717, at *5 (E.D.N.Y. Jan. 25, 2018) (awarding $375 hourly rate for attorney with "fifteen years' practice experience, including significant experience in FLSA and NYLL lawsuits."). Accordingly, I respectfully recommend that Mr. Taubenfeld's hourly rate be reduced to $375 per hour.

A court may determine reasonable hours based on its experience, knowledge of the case, and the evidence and arguments presented. *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). When a plaintiff's billing record is excessive, it is within the court's discretion to reduce the fees requested. *See Kliger v. Liberty Saverite Supermarket Inc.*, No. 17-CV-02520 (FB) (ST), 2018 WL 4782342, at *10 (E.D.N.Y. Sept. 17, 2018), *R & R adopted as modified in other respects by* 2018 WL 4783964 (Oct. 3, 2018).

Based on a review of the contemporaneous time records Taubenfeld submitted, I find that the 28.2 hours billed are reasonable, with one exception. Mr. Taubenfeld has billed Plaintiffs for .7 hours of travel time at the full rate of $400 per hour to attend the December 4, 2019 default hearing before Your Honor. (Ex. 1 at 4). Under long-standing custom in this Circuit, travel time is compensable at half of the attorney's regular hourly rate. *E.g.*, *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 302, 304 (E.D.N.Y. 2012) (collecting

cases). I therefore respectfully recommend that Taubenfeld's hours be reduced by .35, to 27.85 hours.

As so reduced, Plaintiffs would be entitled to $10,443.75 in attorney's fees (27.85 hours X $375 recommended hourly fee = $10,443.75), and I respectfully recommend that they be awarded that amount.

## A.   Costs

Plaintiffs are also entitled to recover reasonable costs under the FLSA and NYLL. 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663(1); *see also Perez v. Queens Boro Yang Cleaner, Inc.*, No. 14-CV-7310 (SJ) (JO), 2016 WL 1359218, at *8 (E.D.N.Y. Mar. 17, 2016), *R & R adopted by* 2016 WL 1337310 (Apr. 5, 2016). Plaintiffs seek $1,407.18 in costs, including the filing fee, fees for service of process, PACER and Westlaw charges, and mail and FedEx charges. (Taubenfeld Decl. ¶ 9; *see also* Dkt. No. 41-2 ("Ex. 2")). With the exception of the Westlaw charges, fees for service of process, and the filing fee of which the Court can take judicial notice, Plaintiffs have not provided receipts or invoices for the additional costs they seek to recover. (*See* Ex. 2). Accordingly, I respectfully recommend that recovery of those undocumented costs be denied. *See, e.g.*, *Piedra v. Ecua Rest., Inc.*, 17-CV-3316 (PKC) (CLP), 2018 WL 1136039, *20 (E.D.N.Y. Jan. 31, 2018) ("[T]he Court cannot simply accept at face value the other costs that plaintiff's counsel seeks, such as service of process and translator services, without additional supporting documentation for those costs"), *R & R adopted as modified in other respects by* 2018 WL 1135652 (Feb. 28, 2018); *cf. Cortes v. Warb Corp.*, No 14-CV-7562 (FB) (RER), 2016 WL 1266596,

at *7 (E.D.N.Y. Mar. 15, 2016) (recommending granting fees associated with PACER where receipts provided), *R & R adopted by* 2016 WL 1258484 (Mar. 30, 2016). Plaintiffs should therefore be awarded costs of $872.23,[2] reflecting those costs for which proof has been provided. (*See* Ex. 2; Dkt. No. 1 entry dated 3/23/2018 ("filing fee $ 400, receipt number 0207-10298592")).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Judgment be amended as requested to include $49,237.20 and $19,242.20 in NYLL liquidated damages for McDonald and Gunter, respectively, and that Plaintiffs be awarded $10,443.75 in attorney's fees and $1,192.23 in costs.

Plaintiffs' counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service on CM/ECF.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable William F. Kuntz within fourteen days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

/s/ Ramon E. Reyes, Jr.

RAMON E. REYES, JR.
U.S. Magistrate Judge
Dated: February 25, 2021

---

[2] $400 filing fee + $157.23 West Law charges + $80 service fees + $555 service of process = $1,192.23.